# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

2014 APR -2 P 4: 16

| | |
|---|---|
| **PATRICIA M. MILNER**, individually and on behalf of all others similarly situated, ) ) ) ) | CA 14 161 ML CASE NO. _____ |
| Plaintiff, ) ) ) | |
| v. ) ) ) | |
| **MCGUIGAN LAW OFFICE, LLC** and **CACH, LLC** ) ) ) ) ) ) ) | **CLASS ACTION COMPLAINT** |
| Defendants. ) ) | **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1)     The Plaintiff experienced financial difficulties and was unable to pay her Old Navy credit card bill. In the summer of 2010, when she had not paid for over six months, she owed $1,768 on the card. At that time, the bank that issued the card charged-off the debt and stopped sending her statements. The debt eventually landed in the hands of Cach, LLC. In April of 2013, Cach had its attorneys, McGuigan Law, send the Plaintiff a dunning letter claiming she owed $2,175.57. The Plaintiff contends Regulation Z, issued by the Federal Reserve Board, barred the Defendants from adding interest or any other amounts to the debt after Old Navy charged it off and stopped sending her statements. By demanding more than the charge-off amount, the Plaintiff contends the Defendants violated the Fair Debt Collection Practices Act. She brings this case on her behalf, and on behalf of every other Old Navy debtor the Defendants treated similarly.

## DETAILED INTRODUCTION and REFERENCES

2)     Plaintiff, Patricia M. Milner (hereafter also referred to as "Plaintiff" or "Milner"), brings

this action individually and as a class action on behalf of a class of similarly situated consumer

debtors (hereafter also referred to as "Class") against a debt collector known as McGuigan Law

Office, LLC (hereafter also referred to as "McGuigan") and against a debt collector known as

Cach, LLC. (hereafter also referred to as "Cach") (hereafter Cach and McGuigan collectively

also referred to as "Defendants") for violations of the Fair Debt Collection Practices Act, 15

U.S.C. § 1692, *et seq*. (hereafter also referred to as "FDCPA").

3)     The FDCPA prohibits debt collectors, such as the Defendants, from engaging in abusive,

deceptive and unfair debt collection practices in their debt collection activities and also requires

debt collectors, such as the Defendants, to provide consumer debtors, such as the Plaintiff and the

Class, with certain information.

4)     Plaintiff alleges that the Defendants are debt collectors who, through debt collection

letters (hereafter also referred to as "dunning letters"), violated the FDCPA by attempting to

collect alleged defaulted consumer credit card debt relating to consumer purchases primarily for

family, personal or household purposes from the Plaintiff (hereafter also referred to as "Debt")

and attempting to collect alleged defaulted consumer credit card debts relating to consumer

purchases primarily for family, personal or household purposes from the Class (hereafter also

referred to as "Debts") to GE CAPITAL RETAIL BANK (hereafter also referred to as "GE").

- 2 -

5) Plaintiff alleges that GE charged-off the Debt owed by the Plaintiff and the Debts owed by the Class and ceased sending periodic credit card statements to Plaintiff and the Class.

6) Plaintiff alleges that the Defendants falsely added an unauthorized amount of money to the Debt owed by the Plaintiff, and to the Debts owed by the Class, and threatened to add an amount of money in the form of interest to the Debt owed by the Plaintiff, and to the Debts owed by the Class, that was not expressly authorized by the agreement creating the debt or permitted by law after GE charged-off the Debts, ceased sending periodic credit card statements to Plaintiff and the Class, and waived the right to add any amount of money to the Debt owed by the Plaintiff and the Debts owed by the Class.

7) Plaintiff alleges that since GE waived the right to add any amount of money to the Debt owed by the Plaintiff and the Debts owed by the Class, Defendant was prohibited from adding any amount of money to the Debt owed by the Plaintiff and the Debts owed by the Class once GE charged-off the Debt owed by the Plaintiff and the Debts owed by the Class and ceased sending periodic credit card statements to the Plaintiff and the Class.

8) Plaintiff seeks redress in the form of actual damages, statutory damages, attorney fees, costs, injunctive relief, declaratory relief, and such other relief at law or equity as the Court may deem just and proper on the Plaintiff's own behalf and on behalf of the Class against the Defendants.

9) Plaintiff alleges the following upon personal knowledge as to the Plaintiff's own acts, and

- 3 -

upon information and belief based on the investigation conducted by the Plaintiff's Counsel, as to all other matters:

## JURISDICTION AND VENUE

10)     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants this Court original jurisdiction pursuant to a federal question relating to federal claims herein that arise under the FDCPA.  Subject matter jurisdiction also arises under 15 U.S.C. § 1692k(d) of the FDCPA, which indicates that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

11)     Venue for this action properly lies in this District pursuant to 28 U.S.C. §1391(b) as the named Plaintiff resides in this District and Defendant has done business within this District and the conduct complained of took place, via the mails, in this District.

## PARTIES

12)     Plaintiff is a natural person who at all relevant times relating to the allegations in this class action complaint resided in the State of Rhode Island.

13)     McGuigan is a business entity organized and existing under the laws of the Commonwealth of Pennsylvania.

14)     Cach is a limited liability company organized and existing under the laws of the state of Colorado.

## NATURE AND PURPOSE OF FDCPA

15)     Congress found abundant evidence of "abusive, deceptive, and unfair debt collection practices by debt collectors" and enacted the FDCPA to eliminate such practices.

16)     The FDCPA prohibits debt collectors, such as the Defendants, from engaging in abusive, deceptive and unfair debt collection practices in their debt collection activities.

17)     The FDCPA is a comprehensive statute, which prohibits broad categories of debt collection activities.  In addition to broad categories of prohibitions of debt collectors' actions, the FDCPA enumerates several specific actions that debt collectors are prohibited from taking. Additionally, the FDCPA requires debt collectors to provide debtors with certain information.

18)     A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; a "threat to take any action that cannot legally be taken or that is not intended to be taken"; communicates "to any person credit information which is known or which should be known to be false"; and/or uses any "false representation or deceptive means to collect or attempt to collect any debt".

19)     A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt", including "the

- 5 -

collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

20)     The FDCPA is a strict liability statute, where a consumer does not need to show intentional conduct by a debt collector in order for debt collector liability to arise.

21)     The FDCPA is construed liberally in favor of the consumer and is usually interpreted by Courts in accordance with the "least sophisticated" consumer standard.

22)     15 U.S.C. § 1692k of the FDCPA imposes civil liability on any person or entity that violates its provisions and any debt collector who fails to comply with the provisions of the FDCPA can be hald liable for statutory damages, attorney fees and costs.

## APPLICATION OF THE FDCPA

23)     Plaintiff is a "consumer" and each member of the class is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

24)     Plaintiff and the Class incurred consumer credit card debt to GE relating to consumer purchases primarily for family, personal or household purposes.

25)     McGuigan is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

- 6 -

26)    Cach is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) of the FDCPA.

27)    The Defendants attempted to collect the Debt owed by the Plaintiff, and the Debts owed by the Class, and as such engaged in "communications" as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

28)    Defendants have acted and continue to act in the business of a debt collector in their attempts to regularly collect allegedly defaulted consumer credit card debt from the Plaintiff and the Class.

## TILA REQUIREMENTS

29)    Charge-off means that a creditor bank no longer carries the credit card account receivable on the credit card bank's books as an asset.

30)    Under federal regulations, a credit card bank must charge-off a credit card receivable after it has been delinquent for 180 days. *(See Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 Federal Register 36903-36906 (June 12, 2000))*

*31)*    Effective February 22, 2010, Regulation Z, which is a regulation issued by the Board of Governors of the Federal Reserve System to implement the federal Truth in Lending Act (15 U.S.C. § 1601 *et seq.*), was amended to clarify that, after the credit card issuer either deems the debt uncollectible, or delinquency collection proceedings have been instituted, or

- 7 -

the account has been charged-off, a credit card issuer must send periodic statements on all accounts, including defaulted accounts, for any period during which fees and/or interest are added to the debt. *(See 12 C.F.R. § 226.5(b)(2)(i))*

32)     12 C.F.R. § 226.5(b)(2)(i) states that: "A periodic statement need not be sent for an account if the creditor deems it uncollectible, if delinquency collection proceedings have been instituted, if the creditor has charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account, or if furnishing the statement would violate federal law."

33)     Defendants engaged in a practice of falsely adding an amount of money to the Debt owed by the Plaintiff and the Debts owed by the Class during a time period when GE did not send periodic credit card statements to the Plaintiff and the Class.

34)     Defendants knew, or should have known, that GE had no legal right to attempt to collect interest pursuant to the terms of the original credit card agreement during a time period after GE charged-off Plaintiff and the Class' credit card accounts where GE did not send credit card periodic statements to the Plaintiff and the Class.

### **PLAINTIFF'S EXPERIENCE**

35)     Plaintiff opened a credit card account with GE.

- 8 -

36)     Plaintiff incurred consumer credit card Debt to GE arising from purchases primarily for her family, personal or household purposes.

37)     As reported by Defendants to the credit reporting bureau, Experian, the account balance written off was $1,768.00 as of the last date last reported in January of 2012. (The relevant portion of Plaintiff's Experian credit report is attached as Exhibit "A.")

38)     GE charged-off the Debt in or about July of 2010.

39)     Plaintiff has not received any credit card periodic statements from GE, or any other entity, after in or about July of 2010.

40)     GE stopped charging interest on the account in or about July 2010.

41)     GE waived its right to charge and collect post charge-off interest after GE stopped sending periodic credit card statements.

42)     On or about April 2, 2013, Defendant mailed a dunning letter, dated April 2, 2013, to the Plaintiff seeking to recover the Debt.

43)     A true and accurate copy of the letter is attached as Exhibit "B."

44)     The amount of the purported Debt, as indicated in the letter was $2,175.57.

- 9 -

45)     Defendants added interest after GE charged-off the account and ceased sending periodic credit card statements to the Plaintiff.

## CLASS ACTION ALLEGATIONS

46)     Plaintiff brings the action on behalf of the Plaintiff and the following defined Class pursuant to Fed. R. Civ. P. 23:

> All persons who either Defendant sent a dunning letter to, at addresses in Rhode Island and whose letters the Postal Service did not return as undeliverable, substantially similar to that attached as Exhibit B, within a year prior to the filing of this lawsuit, in which letter either  a) the amount they alleged was owed included wrongly added and/or unauthorized amounts or charges, including unauthorized and/or prohibited interest, or b) they falsely threatened to add unauthorized charges or amounts to the amount they alleged was owed, including unauthorized and/or prohibited interest.

47)     Excluded from the Class are Defendants: any parent, subsidiary, or affiliate of Defendants or any employees, officers, or directors of Defendants; legal representatives, successors, or assigns of Defendants; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

48)     **Numerosity.** Upon information and belief, the Class is numerous and dispersed such that joinder of all members is impracticable.  The exact number of Class members class is unknown,

- 10 -

but can be determined from, including but not limited to, Defendants' computerized and other records.

49)   **Commonality.**   There are questions of law and fact that are common to all members of the Class which questions predominate over any question affecting only an individual Class member. The members of the Class were and continue to be subjected to the same practices of the Defendants. The common questions and principal common issues raised by Plaintiff's claims include:

a) whether Defendants are debt collectors pursuant to the FDCPA;

b) whether Defendants added an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, during a time period when GE did not send the Plaintiff, and the Class, periodic credit card statements;

c) whether Defendants threatened to add an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, in the form of interest during a time period when GE did not send Plaintiff, and the Class, periodic credit card statements;

d) whether Plaintiff and the Class have been damaged as a result of the alleged violation of the FDCPA, and if so what is the appropriate damage relief for Defendants' violations;

e) the nature and extent of any other remedies and relief to which Plaintiff and the Class are entitled.

50)   **Typicality.**   Plaintiff's claims are typical of the claims of all of the other Class members, because his claims are based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by Defendants.

51)     **Adequacy.** Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of the action and in the administration of all matters relating to the claim stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class Plaintiff seeks to represent. Plaintiff has retained counsel experienced in handling class action lawsuits. Neither Plaintiff nor Plaintiff's counsel has any interest which might cause Plaintifff not to vigorously pursue the action.

52)     **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the members of the Class is impracticable. Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Defendants have subjected the entire Class to the same violations of the FDCPA. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendants' uniform violations of the FDCPA predominate over individual issues, and class certification is a superior method of resolving these claims. No unusual difficulties are likely to be encountered in the management of the action as a class action. Defendants hae acted and continue to act in a manner that is generally applicable to all members of the Class making final injunctive relief appropriate.

## CAUSES OF ACTION

### Violation of the FDCPA, 15 U.S.C. § 1692e

53)     Plaintiff, on behalf of Plaintiff and the Class, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated

herein.

54)     A debt collector violates 15 U.S.C. § 1692e of the FDCPA if the debt collector engages in any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including: falsely representing "the character, amount, or legal status of any debt"; including threatening "to take any action that cannot legally be taken or that is not intended to be taken"; communicates "to any person credit information which is known or which should be known to be false"; and/or uses any "false representation or deceptive means to collect or attempt to collect any debt".

55)     Specifically, in connection with Defendants' attempts to collect the Debt, through dunning letters, from the Plaintiff and the Class, by falsely adding an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, and threatening to add an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, in the form of interest during a time period when GE did not send Plaintiff and the Class periodic credit card statements, when in fact Defendants were prohibited from adding any amount of money to the Debt owed by the Plaintiff and the Debts owed by the Class, because GE charged-off the Debt owed by the Plaintiff and the Debts owed by the Class and ceased sending periodic credit card statements to Plaintiff and the Class, constitutes the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt," in violation of 15 U.S.C. § 1692e of the FDCPA.

56)     A debt collector violates 15 U.S.C. § 1692e(2)(A) of the FDCPA if the debt collector

- 13 -

uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "falsely representing the character, amount, or legal status of any debt."

57)     Specifically, in connection with Defendants' attempts to collect the Debt, through dunning letters, from Plaintiff and the Class, by falsely adding an amount of money, when in fact Defendants were prohibited from adding any amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, and threatening to add an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, in the form of interest during a time period when GE did not send Plaintiff and the Class periodic credit card statements because GE charged-off the Debt and ceased sending periodic credit card statements to Plaintiff and the Class, constitutes the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt," by "falsely representing the character, amount, or legal status of any debt" in violation of 15 U.S.C. § 1692e(2)(A) of the FDCPA.

58)     A debt collector violates 15 U.S.C. § 1692e(5) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including threatening "to take any action that cannot legally be taken or that is not intended to be taken."

59)     Specifically, in connection with Defendants' attempts to collect the Debt, through dunning letters, from Plaintiff and the Class, by falsely adding an amount of money, when in fact Defendant was prohibited from adding any amount of money to the Debt owed by the Plaintiff,

- 14 -

and the Debts owed by the Class, and threatening to add an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, in the form of interest during a time period when GE did not send Plaintiff, and the Class, periodic credit card statements because GE charged-off the Debt owed by the Plaintiff, and the Debts owed by the Class, and ceased sending periodic credit card statements to Plaintiff, and the Class, constitutes threatening "to take any action that cannot legally be taken or that is not intended to be taken" in violation of 15 U.S.C. § 1692e(5) of the FDCPA.

60)     A debt collector violates 15 U.S.C. § 1692e(8) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including communicating "to any person credit information which is known or which should be known to be false."

61)     Specifically, in connection with Defendants' attempts to collect the Debt from the Plaintiff, and the Debts from the Class, through dunning letters, from the Plaintiff, and the Class, by falsely adding an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, and threatening to add an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, in the form of interest during a time period when GE did not send Plaintiff and the Class periodic credit card statements, when in fact Defendants were prohibited from adding any amount of money because GE charged-off the Debt owed by the Plaintiff and the Debts owed by the Class and ceased sending periodic credit card statements to Plaintiff, and the Class, constitutes the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt," by communicating "to any person credit information

which is known or which should be known to be false", in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

62)   A debt collector violates 15 U.S.C. § 1692e(10) of the FDCPA if the debt collector uses any "false, deceptive, or misleading representation or means in connection with the collection of any debt," including, "any false representation or deceptive means to collect or attempt to collect any debt."

63)   Specifically, in connection with Defendants' attempts to collect the Debt from the Plaintiff, and the Debts from the Class, through dunning letters, from the Plaintiff, and the Class, by falsely adding an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, and threatening to add an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, in the form of interest during a time period when GE did not send Plaintiff and the Class periodic credit card statements, when in fact Defendants were prohibited from adding interest to the account because GE charged-off the Debt owed by the Plaintiff, and the Debts owed by the Class, and ceased sending periodic credit card statements to the Plaintiff, and the Class, constitutes the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt," by using "false, deceptive, or misleading representation or means in connection with the collection of any debt" in violation of 15 U.S.C. § 1692e(10) of the FDCPA.

64)   Defendants' routine practice of attempting to collect the Debt, through dunning letters, from the Plaintiff and the Class, by falsely adding an amount of money and threatening to add an

amount of money in the form of interest to the Debt owed by the Plaintiff, and the Debts owed by the Class, violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8), and 1692e(10) of the FDCPA.

### Violation of the FDCPA, 15 U.S.C. § 1692f

65)     Plaintiff, on behalf of Plaintiff and the Class, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

66)     A debt collector violates 15 U.S.C. § 1692f of the FDCPA if the debt collector uses "unfair or unconscionable means to collect or attempt to collect any debt", including "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

67)     Specifically, in connection with Defendants' attempts to collect the Debt from the Plaintiff and the Debts from the Class, through dunning letters, by falsely adding an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, and threatening to add an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, in the form of interest during a time period when GE did not send Plaintiff, and the Class, periodic credit card statements, when in fact Defendants were prohibited from adding interest to the account because GE charged-off the Debt and ceased sending periodic credit card statements to Plaintiff, and the Class, constitutes the use of "unfair or unconscionable means to collect or attempt to collect any debt" in violation of 15 U.S.C. § 1692f of the FDCPA.

- 17 -

68) A debt collector violates 15 U.S.C. § 1692f(1) of the FDCPA if the debt collector engages in "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

69) Specifically, in connection with Defendants' attempt to collect the Debt from the Plaintiff, and the Debts from the Class, through dunning letters, by falsely adding an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, and threatening to add an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, in the form of interest during a time period when GE did not send Plaintiff, and the Class, periodic credit card statements, when in fact Defendants were prohibited from adding interest to the account because GE charged-off the Debt and ceased sending periodic credit card statements to Plaintiff, and the Class, constitutes the use of "unfair or unconscionable means to collect or attempt to collect any debt" by prohibiting "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt", in violation of 15 U.S.C. § 1692f(1) of the FDCPA.

70) Defendants' routine practice of attempting to collect the Debts, through dunning letters, from Plaintiff, and the Class, by falsely adding an amount of money to the Debt owed by the Plaintiff, and the Debts owed by the Class, and threatening to add an amount of money in the form of interest to the Debt owed by the Plaintiff, and the Debts owed by the Class, violates 15

- 18 -

U.S.C. §§ 1629f and 1692f(1) of the FDCPA.

## REQUEST FOR RELIEF

71)   WHEREFORE, Plaintiff on behalf of Plaintiff and the Class request the following relief:

   a)   An order certifying that the action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed as Class Representative of the Class, and that Plaintiff's counsel be appointed Class Counsel;

   b)   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   c)   Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   d)   An injunction preventing Defendants from continuing the unlawful conduct alleged herein;

   e)   Declaratory relief;

   f)   An award of reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

   g)   Such other relief at law or equity as the court may deem just and proper.


DATED: April 2, 2014.

John T. Longo (RI Bar #4928)
Citadel Consumer Litigation, P.C.
681 Smith Street, Suite 201
Providence, RI  02908
(401) 383-7550      Fax (401) 537-9185
Email: jtlongo@citadelpc.com

- 19 -

Peter N. Wasylyk (RI Bar # 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
(401) 831-7730      Fax (401) 861-6064
Email: pnwlaw@aol.com